UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

JEAN BRIGHT,

    Plaintiff,

v.

MFP, INC., D/B/A FINANCIAL
CREDIT SERVICES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.　This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.　This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b(3), and 28 U.S.C. § 1331.

3.　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.　Plaintiff, Jean Bright ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Lee, and City of Cape Coral.

5.　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, MFP, Inc. d/b/a Financial Credit Services ("Defendant"), is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant when Plaintiff.

11. The alleged obligation arises from personal medical bills (the "Debt").

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Plaintiff never provided Defendant express written consent to place telephone calls to her cellular telephone using an automated dialing system.

14. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on August 28, 2012 at 8:37 A.M. and delivered the following voicemail message:

> For a message concerning important personal business the telephone number is 800-488-3271. Again, the number is 800-488-3271. To repeat

these choices press the star key [2 seconds of silence]. Thank you for your help. Goodbye.

15. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on September 20, 2012 at 7:57 P.M. and delivered the following voicemail message:

> Hello I'm calling about important personal business for Jean Weatherington. Please have Jean Weatherington call me back as soon as possible at the following number 800-488-3271. Again my number is 800-488-3271. Thank you. Goodbye.

16. Plaintiff's maiden name is Jean Weatherington.

17. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on October 11, 2012 at 3:45 P.M. and delivered the following voicemail message:

> Hello I'm calling about important personal business for Jean Weatherington. Please have Jean Weatherington call me back as soon as possible at the following number 800-488-3271. Again my number is 800-488-3271. Thank you. Goodbye.

18. In its August 28, 2012, September 20, 2012, and October 11, 2012 voicemail messages, Defendant failed to notify Plaintiff that the communication was from a debt collector.

19. In its August 28, 2012, September 20, 2012, and October 11, 2012 voicemail messages, Defendant failed to disclose its true corporate or business name.

20. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in its August 28, 2012, September 20, 2012, and October 11, 2012 voicemail messages, Defendant failed to meaningfully disclose its identity to Plaintiff.

21. In its August 28, 2012, September 20, 2012, and October 11, 2012 voicemail messages, Defendant delivered a voicemail with a pre-recorded or artificial voice.

22. Defendant also placed calls to Plaintiff's cellular telephone on September 29, 2012 at 7:17 A.M., September 29, 2012 at 5:44 P.M., October 3, 2012 at 8:31 A.M., October 3, 2012 at 9:28 A.M., and October 3, 2012 at 11:03 A.M.

23. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

25. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

26. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

27. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

28. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

29. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

30. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

31. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

33. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing a telephone phone call to Plaintiff at a time known to be inconvenient, namely at 7:17 a.m.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

35. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

37. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1 through 31.

39. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demand a trial by jury.

Respectfully submitted this <u>4th</u> day of <u>December</u>, 2012.

Respectfully submitted,

**JEAN BRIGHT**


By: <u>s/ Alex D. Weisberg</u>
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com